### Ex Parte Amanda Fitzpatrick, Habeas Corpus.

FALSE PRETENSES—AFFIDAVIT CHARGE PRESENT PURPOSE.

An affidavit charging a person with unlawfully and falsely pretending that she was collecting money and funds for the relief of certain children, by means of which false pretenses she obtained money from complainant, "whereas in truth and in fact she was not collecting money and funds for said children or their benefit, all of which the accused then and there well knew," charges the accused with a present purpose and object in collecting the funds or thing of value obtained by such false pretense, and states an offense against the state of Ohio within the jurisdiction of the justice before whom the affidavit was made. It would not be a fair interpretation of the language to hold that for the accused to pretend that she was collecting money for such children was, in effect, saying that she was collecting money which she would apply to their relief, and that the negation is only to the extent that she did not thereafter so intend to apply the funds.

HEARD ON ERROR.

*Frank Higley*, for plaintiff in error, cited:

The affidavit filed with the magistrate is defective in the following particulars, to-wit:

First. It does not state the kind, value, or ownership of the property taken. Redmond v. State, 35 Ohio St., 81; Wharton's Crim. Law, Sec. 1223; Spencer v. State, 13 Ohio, 401.

Second. It does not state that the property was obtained by reason of the alleged pretenses. Kennedy v. State, 34 Ohio St., 310, 314; Wharton's Crim. L., Sec. 1227.

Third. It does not sufficiently state any pretense which relates to a past event, or an existing fact. Redmond v. State, 35 Ohio St., 81; State v. Trisler, 49 Ohio St., 583 [31 N. E. Rep., 881]; Campbell v. State, 56 N. E. Rep., 665; Cannon v. State, 32 S. W. Rep., 129; Wharton's Crim. L., Secs. 1167 and 1224; Bish. Crim. Proc., Secs. 168 and 169.

The pretense must appear in the affidavit to have been the operative cause in obtaining the property. Redmond v. State, 35 Ohio St., 83; Wharton's Crim. L., Sec. 1175; 12 Enc. of L., N. S., 811; Winnett v. State, 10 Circ. Dec., 245 (18 R., 515).

Where the affidavit does not state an offense, the magistrate acquires no jurisdiction by the consent of the defendant. His judgment is a nullity, and *habeas corpus* lies. Sections 7133, 7146, 7147 and 5279, Rev. Stat.; McKnight, *Ex parte*, 48 Ohio St., 588 [28 N. E. Rep., 1034; 14 L. R. A., 128]; George, *In re*, 3 Circ. Dec., 104 [5 R. 207].

*P. H. Kaiser* and *F. L. Taft*, for defendant in error.

MARVIN, J.

Amanda Fitzpatrick filed her petition in the court of common pleas, alleging that she was unlawfully deprived of her liberty by McConnell, as sheriff of Cuyahoga county, Ohio, and praying for her release upon *habeas corpus*. The return of the sheriff set out that the petitioner was held by him as a prisoner under and by virtue of a *mittimus* issued by a justice of the peace of the county of Cuyahoga.

Upon a hearing, the court remanded the petitioner to the custody of the sheriff; and to reverse this judgment of the court, the present proceedings are had.

A bill of exceptions is filed, setting forth all the evidence introduced before the court. From this it appears that a warrant was issued by Irving E. Hershey, a justice of the peace of Cuyahoga county, for the arrest of the petitioner, and that such warrant was issued upon there having been filed with him an affidavit (which is Exhibit " B " of the bill of exceptions), which reads:

" The State of Ohio, Cuyahoga County, ss.

" Before me, Irving E. Hershey, a justice of the peace in and for said county, personally came Maggie Goette, who being duly sworn according to law, deposeth and saith, that on or about the 31st day of December, A. D. 1900, at the county of Cuyahoga, one Mary Jones (real name unknown) unlawfully did falsely pretend to the said Maggie Goette that she was collecting money and funds to provide shoes and clothing for certain children by the name of Oversell, who were destitute, and that after said children were provided with suitable shoes and clothing she had arranged to have them admitted to the German Methodist Orphan Asylum of Berea, Ohio, and by means of which false pretenses, she, the said Mary Jones (real name unknown), did solicit and receive unlawfully from the said Maggie Goette the sum of twenty-five cents, with intent then and there to cheat and defraud the said Maggie Goette of the said sum of money; whereas in truth and in fact the said Mary Jones was not collecting money and funds for said children or their benefit, all of which the said Mary Jones then and there well knew.

"(Signed)    MAGGIE GOETTE.

" Sworn to and subscribed before me, this 31st day of December, A. D. 1900.

"(Signed)    IRVING E. HERSHEY,
"Justice of the Peace."

The petitioner consented to have her case disposed of by the justice, and pleaded guilty to the charge, whereupon she was sentenced to the county jail.

It is urged that no offense against any law of Ohio was charged in the affidavit, and that, therefore, the justice was without jurisdiction, and that no consent of the petitioner could give jurisdiction to the justice.

The affidavit, as will be seen, charges that the petitioner unlawfully pretended, among other things, that she was collecting money and funds to provide shoes and clothing for certain destitute children named in the affidavit. Other pretenses are set out in the affidavit, which are said to be false; but it is the one named, which is distinctly negatived in the affidavit,—the words of the negation being: " Whereas, in truth and in fact, the said Mary Jones was not collecting money and funds for said

children or their benefit, all of which the said Mary Jones then and there well knew."

It should be said that the affidavit charged the offenses against " Mary Jones, real name unknown."

The charge is, as a result of the pretense set out in the affidavit, the petitioner obtained from one Maggie Goette the sum of twenty-five cents.

The argument made on behalf of the plaintiff in error is that the false pretense which was negatived in the affidavit, only relates to a future event and is, therefore, not such false pretense as is punishable by law.

It is said that for the petitioner to pretend that she was collecting money for these children, is, in effect, saying that she was collecting money which, when collected, she would apply to the relief of these children, and that the negation is only to the extent that she did not intend thereafter to apply the funds to such purpose.

We think this is not a fair interpretation of the language of the affidavit.

The representation charged in the affidavit that the petitioner was *then* collecting funds for a specified purpose, was a representation of an existing fact, or rather a fact alleged *then* to exist, to-wit, a present purpose and object in the collecting of the funds. This is distinctly negatived by the language already quoted.

It is further urged on the part of the plaintiff in error, that there was not such averment in the affidavit as shows that anything of value was obtained from the party making the complaint. The language is that " the petitioner received from said Maggie Goette the sum of twenty-five cents." We think this is a sufficient averment that she received something of value by reason of her false pretense; but it is said that the language of Sec. 7076, Rev. Stat., is, whoever by any false pretense *obtains,* * * * etc., and that the language of the affidavit is that the petitioner " received " this money. We think the distinction sought to be made, is not well taken.

One who *receives* from another, *obtains* from another.

Other questions are made by counsel for plaintiff in error, but the holding on the points already mentioned disposes of the case, and the judgment of the court of common pleas is affirmed.